**476** PEOPLE ex rel. DECKER *v.* POLICE COM'RS.

THIRD DEPARTMENT, NOVEMBER TERM, 1887.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM DECKER, Appellant, *v.* THE POLICE COMMISSIONERS OF THE CITY OF ALBANY, Respondents.

*The police commissioners of the city of Albany — sec. 38 of tit. 12 of chap. 77 of 1870, as amended by chapters 298 of 1885, and 443 of 1886 — the board has power to establish a veteran grade of patrolmen at a reduced salary.*

Section 38 of the act creating the defendant, the Police Commissioners of the City of Albany (chap. 77 of 1870, as amended by chapter 298 of 1885, and chapter 443 of 1886) fixes the salaries of the various officers connected with the police force, some of them at fixed sums, others at not over the sum respectively specified for each class; the direction as to patrolmen of the police force being that each " shall receive an annual salary of not over nine hundred dollars." At a meeting, held on January 25, 1887, the board passed a resolution, providing that, upon February 1, 1887, there should be established, for special day or night duty, a police grade, to be known as the veteran grade, and, that after ten years' service, by a vote of a majority of the board, any patrolmen then on the force, or who might thereafter be appointed, might be assigned to duty on the veteran grade, and should receive a salary of $600 per year.

*Held,* that while the act did not, in express terms, confer upon the board power to fix the salaries of patrolmen, the other provision of the act showed that it did possess the power to do so, and that in the absence of proof of any abuse in its exercise in this case, the court perceived no objection to this regulation, either in point of its justice or legality.

APPEAL from an order of the Albany Special Term denying a motion for a *mandamus* to direct the defendants to audit the relator's monthly salary as a patrolman of the police force at seventy-five dollars per month, and to draw their warrant or requisition upon the city chamberlain therefor.

Decker, the relator, has been a member of the police force since 1865, and as such had received the regular salary of policeman, $900 per year, payable monthly, until the 1st of February, 1887. The Board of Police Commissioners on the 25th of January, 1887, passed the following resolution:

" *Resolved,* That the following be and the same hereby is adopted as a rule of the board: First. Upon the 1st day of February, 1887, there shall be established, for special day or night duty, a police grade to be known as the veteran grade. Second. After ten years of police service, by a vote of the majority of the board, any patrolman now on the force or who may hereafter be appointed, may be

PEOPLE ex rel. DECKER v. POLICE COM'RS.    477

Third Department, November Term, 1887.

assigned to duty on the veteran grade and shall receive a salary of $600 per year." Decker, with several others, were, on the 1st of February, 1887, assigned to the veteran grade.

*E. Countryman*, for the relator.

*D. Cady Herrick*, for the defendants.

Landon, J.:

The relator is, and for many years has been, one of the patrolmen of the police force of the city of Albany, and up to February 1, 1887, had received a salary of $900 per year, payable seventy-five dollars monthly. The board of police commissioners, by resolution, assumed to fix his salary, from and after that date, at only $600 per year. The statute (chap. 77, Laws 1870, as amended by chapter 298, Laws 1885) creates the defendants and confers upon them the management, custody and control of the police force of the city of Albany. Section 38 of title 12 of the act, provides that " each patrolman of the police force shall receive an annual salary of not over $900." This section, as further amended by chapter 443, Laws 1886, fixes the salaries of the various officers connected with the police force or commissioners of police, some of them, namely, the secretary of the commissioners, the chief, and sergeants of police at specified sums ; others, namely, the captains, patrolmen, station-house keepers, and the surgeon, at *not over* the sum respectively specified for each class. The board of commissioners of police fix the salary of their clerk, and may fix an additional compensation, not exceeding $300, to be paid each patrolman detailed on the detective staff, " in addition to his annual salary as herein fixed."

This section further provides that " all of said salaries shall be paid monthly by the chamberlain of said city to each person entitled thereto, in modes to be prescribed by the rules and regulations of the board." Chapter 298, Laws of 1883 (Albany charter), section 10, title 6, directs the chamberlain to pay any claim, debt or demand on the warrant of city boards and commissioners. After the resolution reducing the salary of the relator, the board of police commissioners audited his monthly salary and drew their warrant for it at only fifty dollars per month.

The motion for a *mandamus* was properly denied for the reason that the relator did not show a clear legal right to so large a salary

**478**   PEOPLE ex rel. DECKER v. POLICE COM'RS.

THIRD DEPARTMENT, NOVEMBER TERM, 1887.

as $900 per year. The statute does not fix it at $900, but says he "shall receive an annual salary of not over $900." That is the maximum sum, and the implication is clear that it is competent for some authority to fix it at any sum under $900. If it has been fixed at $900 by the proper authority the relator should show it. If the power to fix it resides in the board of police commissioners, then since February 1, 1887, it has remained fixed at $600 per year. We think it proper to add that in our opinion the power does reside in the police board to fix the relator's salary within the limit of $900 per year. It is not expressly conferred ; there are some parts of the act which, taken alone, would seem to exclude an intention to confer the power upon them, but it is obvious that it was the intention to confer the power somewhere, and it is conferred nowhere else.

The act seems incomplete, as if the intention to confer this power had been present to the mind of the framer of the act when he drew the provisions that this and other salaries *not over* the sums specified should be paid, but was forgotten when he came to the place where it was proper to insert the sentence appropriate to carry the intention into effect. It will be observed that in every case where the maximum salary is specified, the act is silent with respect to the power to fix the salary within the limit. Had this power been expressed in any one of this class of cases, the argument that the expression in one case is the exclusion in another, would be much more forcible than the like argument deduced from the expression of the unlimited power of the board to fix the salary of their clerk. The act does not confer upon the board a very full power of regulation and government of the police force. It confers upon them the power to prescribe rules and regulations as to the modes of paying their salaries, and makes such salaries payable upon their audit and warrant. They could not draw a warrant without fixing the sum. The act should be construed if practicable, in order that it may accomplish instead of defeating the beneficial purposes of its framers, *ut res magis valeat quam pereat*.

It is urged that if the power to fix the salaries of the patrolmen within the maximum limit be vested in the board, still no power exists to discriminate in the salaries of policemen engaged in active service. In this case, however, the board established by resolution, a " veteran grade " and provided that any patrolman upon the force,

after ten years of the service, might be assigned to it by a vote of a majority of the board at a salary of $600 per year. The relator and others were assigned to the veteran grade. In the absence of abuse, which cannot be presumed, no valid objection is perceived to this regulation, either in point of its justice or legality. The discrimination is in classes of policemen, and their pay regulated according to their vigor and efficiency. There is nothing in the act forbidding it, and it seems to fall within the powers of the board to regulate and govern the force.

The order should be affirmed, with costs and disbursements.

FISH and PARKER, JJ., concurred.

Order affirmed, with costs.